IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| THE PEOPLE OF MISSOURI and KENNETH R. BENNETT,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF LEE'S SUMMIT, MISSOURI and<br>MAGISTRATE JAMES M. TOBIN, and<br>MAGISTRATE HUGH H. RYAN, and<br>MAGISTRATE WILLIAM A. LEWIS,<br><br>    Defendants. | Case no. 06-cv-00017-dw |

ORDER

Before the Court is Defendants' Motion to Disqualify Denny R. Hardin (Doc. 6) and Defendants' Motion to Strike Plaintiff's "Notice of Professional Misconduct." (Doc. 9). For the following reasons, both motions are GRANTED.

I.    Motion to Disqualify Denny R. Hardin

Local Rule 83.5 governs the eligibility and qualifications of those who are admitted to practice before this Court. A person is eligible to take the oath to be admitted to the Bar of this Court if he or she is a member of the Missouri bar in good standing, or has been admitted to practice before the United States District Court for the District of Kansas. Local Rule 83.5(b)(1). Other particular requirements exist for newly admitted attorneys to the Missouri Bar or those who have not practiced law on a regular basis for a specified period of time. Local Rule 83.5(b)(2) - (3).

Mr. Hardin does not meet the requirements of Rule 83.5. He is not admitted to practice

1

law in the State of Missouri or any other jurisdiction. However, Mr. Hardin has attempted to appear on Plaintiff's behalf in the above-styled case by signing court documents as "Counsel." (Doc. 1, Ex. 4; Doc. 9).

As Mr. Hardin is neither a party nor an attorney representing a party in this case, his attempt to appear as counsel is exceptionally improper. Accordingly, Mr. Hardin is disqualified from acting as counsel in this case.

II.     Motion to Strike Plaintiff's "Notice of Professional Misconduct"

Further, Mr. Hardin's actions in this case have proved to be without merit or with regard to any recognized rules. Plaintiff recently filed a "Notice of Professional Conduct." (Doc. 9) alleging (1) Defendants' counsel is guilty of fraud by having removed this case to federal court; and (2) Defendants' counsel, by virtue of being "a 'high priced lawyer' . . . must have many friends who are Judges in the Federal Court" who would act prejudicially in this case.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant . . .to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. 1441(a). Removal in this case was timely accomplished by Defendants. Plaintiff claims his federal constitutional rights have been violated and seeks damages provided for by federal statute. Accordingly, this court maintains federal question jurisdiction over the matter. 28 U.S.C. 1446(a), (d); 28 U.S.C. 1331.

Second, Plaintiff contends that Defendants' counsel, by virtue of being "a 'high priced lawyer' . . . must have many friends who are Judges in the Federal Court" who would act prejudicially in this case. "The decision whether a judge's impartiality can be 'reasonably

2

questioned' is to be made in light of the facts as they exist[], and not as they [are] surmised or reported."  Cheney v. United States District Court for the District of Columbia, 541 U.S. 913, 914, 124 S.Ct. 1391, 158 L.Ed.2d 225.  Plaintiff's fallible logic aside, he presents no evidence in support of this allegation.

Federal Rule of Civil Procedure 12(f) permits the court to strike from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  Fed. R. Civ. P. 12(f).  The allegations contained in Plaintiff's "Notice of Misconduct" are unfounded and appear to be an attempt to impugn both defense counsel and the Court.  Accordingly, Plaintiff's "Notice" (Doc. 9) shall be stricken.

III.    Conclusion

For the forgoing reasons, Denny Hardin is disqualified from acting as counsel in this case.  The Clerk of the Court is instructed to reject any documents for filing signed by Mr. Hardin.  Plaintiff's "Notice of Professional Misconduct" (Doc. 9) shall be stricken.

IT IS SO ORDERED

      /s/ Dean Whipple  
      Dean Whipple  
      United States District Judge

DATE: January 25, 2006

3