IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| THE PEOPLE OF MISSOURI and | ) | |
| KENNETH R. BENNETT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case no. 06-00017-CV-W-DW |
| | ) | |
| CITY OF LEE'S SUMMIT, | ) | |
| MISSOURI | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

As chronicled in this Court's Order of March 20, 2006, Plaintiff has engaged in a long line of frivolous and impertinent filings with this Court. In response, Defendant filed a number of motions to strike. On March 20, 2006, this Court reserved its ruling on Defendant's Motions to Strike and ordered Plaintiff to show cause within ten days of the date of that Order, why he had not violated Rule 11(b) and why appropriate sanctions should not be imposed. On March 27, 2006, Plaintiff responded to the Court's Order to Show Cause by filing a "Final Demand to Remand." For the following reasons, Defendants Motions to Strike (Docs. 18, 20, 22 and 27) are GRANTED and Plaintiff's suit is DISMISSED WITH PREJUDICE for violation of Federal Rule of Civil Procedure 11(b).

Federal Rule of Civil Procedure 11(b) provides, in relevant part, that by presenting a pleading to the court, an unrepresented party certifies that (1) he is not presenting the document for any improper purpose, such harassment or delay; (2) the claims and legal contentions are warranted by existing law or by a non-frivolous argument; and (3) the allegations and other factual contentions

1

are or will be supported by the evidence. Fed. R. Civ. P. 11(b). If a court believes that a party has violated this rule, it may enter an order describing the specific conduct that appears to violate the rule and direct the party to show cause why the described conduct does not constitute such a violation. Fed. R. Civ. P. 11(c)(1)(B). After providing the party notice and an opportunity to respond, the court may impose any sanction "sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2); Jiricko v. Moser and Marsalek, 184 F.R.D. 611, 615 (E.D. Mo. 1999).

On March 20, 2006, the Court outlined the specific conduct that appeared to violate Rule 11(b) and ordered Plaintiff to Show Cause why he had not engaged in the prohibited conduct. Having been provided a notice and opportunity to respond, Plaintiff filed a "Final Demand to Remand" with the Court. In this latest installment of a series of baseless pleadings, Plaintiff designates himself as the Court's "Master" and apprises the Court that it is "way out of line issuing 'orders' to his 'Master.'" Plaintiff proceeds to demonstrate his respect for the authority of the Court as follows:

> Perhaps magistrate Whipple had a moment of temporary insanity believing he can 'order' his 'Master' to accept his determination ... Should magistrate Whipple persists [sic] in his delusion of power over his 'Master' Plaintiff will have no choice but to challenge the mental capacity (competency) and fitness for public office.

Given Plaintiff's conduct up to this point and the content of Plaintiff's response to the Court's Order, the Court now finds that Plaintiff's conduct throughout the pendency of this case constitutes repeated violations of Rule 11(b). As chronicled in the Court's Order of March 20, 2006, Plaintiff has filed a series of redundant and harassing pleadings with the Court. His "Updated 'Writ of Error'" and "Legal Notice of Fraud Upon the Court" purport to be legal writs perpetrated by his own "tribunal." In various pleadings, Plaintiff has accused this Court of, among other things,

maliciously conspiring against Plaintiff and tampering with public records. He has repeatedly declared that this Court's rulings have "no legal validity in this 'Common Law' 'Court of Record'" and persists in filing "demands" that the Court remand this case.

Given Plaintiff's persistent baseless attacks on this Court and utter disregard of the Federal Rules of Civil Procedure, the Court finds that nothing less than dismissal is sufficient to deter repetition of Plaintiff's egregious violations of Rule 11(b).

Accordingly, the Court hereby ORDERS

Defendant's Motions to Strike (Docs. 18, 20, 22 and 27) are GRANTED;

Plaintiff's suit is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED

 /s/ DEAN WHIPPLE  
Dean Whipple
United States District Judge

DATE: May 9, 2006

3